**Harry HOLMES**

**v.**

**Officer GAEDLER, Number 1244, and Officer Mahoney, Number 6096.**

**Civ. A. No. 73-868.**

United States District Court, E. D. Pennsylvania.

Jan. 25, 1974.

Joanna K. Weinberg, Philadelphia, Pa., for plaintiff.

Murray C. Goldman, Asst. City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Plaintiff has instituted this action under 42 U.S.C. §§ 1983 and 1985, alleging that he was deprived of rights and immunities secured to him under the Constitution of the United States. The defendants are two Philadelphia Police Officers who, according to the allegations of the Complaint, unlawfully arrested plaintiff, handcuffed and identified him as a "burglary suspect," and then caused the complainant to be confined in a filthy, poorly ventilated, six-by-twelve feet detention room. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(3).

On November 16, 1973, plaintiff served a *subpoena duces tecum* upon Police Commissioner Joseph O'Neill. Five separate items were requested in the subpoena. Defendants have agreed to provide items Nos. 2, 3, and 4 as enumerated in the subpoena. Plaintiff has withdrawn his request for Item No. 5, since the documents requested therein do not exist. Presently before the Court is defendant's protective order concerning Item No. 1 of the subpoena.

Item No. 1 reads as follows:

"1. Any and all documents, memoranda, notes, or other papers, whether written, printed, or typed, prepared by officers or employees of the Philadelphia Police Department in the course of and as a result of any investigations conducted of the arrest of plaintiff Harry Holmes on April 16, 1972, including, but not limited to, the investigations conducted by Captain Donald Gravatt and Chief Inspector Frank Scafidi in response to plaintiff's complaints to the Philadelphia Commission on Human Relations on April 20, 1972, and to Commissioner Joseph F. O'Neill on June 27, 1972."

The parties suggested, and the Court agreed, to examine *in camera* those documents, memoranda, and notes prepared by officers of the Philadelphia Police Department in connection with any investigation conducted of the arrest of plaintiff Harry Holmes on April 16, 1972, in order to determine what portions, if any, of the reports should be made available to the plaintiff

Pursuant to the Court's instructions, defendants, through counsel, submitted for the Court's *in camera* inspection the report of the Commanding Officer of the 18th District submitted on May 26, 1972, to the Police Commission regarding the incidents surrounding the arrest and confinement of Harry Holmes. This report is divided into sixteen numbered paragraphs.

The reasoning and decision of United States District Judge Edward R. Becker in the recent case of Frankenhauser v. Rizzo, 59 F.R.D. 339 (1973), is very instructive on the question of the discoverability of official reports of police investigations made in the aftermath of an episode involving the police and a private citizen. Essentially, the Court in *Frankenhauser* held that discovery should be limited to factual data compiled in the course of completing the report and that those portions which con-

stitute evaluative summaries, opinions, and recommendations need not be produced or made available for plaintiff's inspection.

A careful reading of the report submitted to Commissioner O'Neill by the Commanding Officer of the 18th District discloses that paragraphs one through ten deal exclusively with factual data relative to the incident under scrutiny here. However, the remaining paragraphs, eleven to sixteen inclusively, are concerned with the opinions and evaluative summaries of members of the Philadelphia Police Department. For this reason, defendant's motion for protective order will be granted as to paragraphs eleven through sixteen.