## Moore v. Whitson

*Allen H. Cohen,* for plaintiff.
*Michael A. Burns,* for defendant.
*John M. Duff,* for Commonwealth.

DOYLE, *J.*, September 9, 1976—The complaint, filed December 19, 1973, under the Wrongful Death Act and the Survival Act alleges that, without justification, individual defendant Whitson shot and killed decedent, Beverly N. Moore, on January 16, 1973, at 11 p.m., while decedent was standing on the sidewalk of Fifth Avenue near its intersection with Bellfield Avenue in the City of Pittsburgh.

Corporate defendant allegedly furnished defendant Whitson with the pistol which was used in the killing. Plaintiff alleges that corporate defendant was negligent, inter alia, in furnishing Whitson with the pistol when corporate defendant "knew" that Whitson was not a proper person to entrust with a handgun, and failing to properly or adequately investigate the character, integrity and reputation of Whitson prior to entrusting him with a handgun.

Corporate defendant's answer denies the allegations of the complaint.

On April 2, 1976, on plaintiff's motion, the court entered an order directing the State Correctional Institution at Pittsburgh (Western Penitentiary) to make available to plaintiff's counsel for inspection, examination and photocopying the following items:

"a) All records of Carl Whitson which were compiled while Mr. Whitson was incarcerated at the State Correctional Institution at Pittsburgh, specifically, but not limited to, his permanent record, his profile chart, any reports of psychological and diagnostic testing and evaluation, notes, comments and all other reports dealing with Carl Whitson."

The order of April 2, 1976, was suspended when it appeared to the court that the Commonwealth had

not been notified of the presentation of the original motion and that the Commonwealth contested plaintiff's right to discover the items set forth in the original motion and order.

The Commonwealth now argues that records pertaining to medical and psychological examinations of a State incarcerated prisoner must be maintained in strict confidence so that the Commonwealth may act freely regarding the prisoner's incarceration and rehabilitation. The Commonwealth further maintains that this confidentiality is necessary for the safety of the institution, the treatment and possible rehabilitation of the inmates, the protection of the staff, and, lastly, because the information sought is privileged under the physician-patient relationship. The Commonwealth relies on Pa.R.C.P. §4011(c) which, it is argued, limits plaintiff's right to inspect to matters not privileged.

In support of its position, the Commonwealth cites Frankenhauser v. Rizzo, 59 F.R.D. 339 (E.D. Pa., 1973), and Holmes v. Gardler, 62 F.R.D. 70 (E.D. Pa., 1974). The cited cases were civil rights cases wherein police officers and the Police Department of Philadelphia were sued to recover money damages and defendants interposed a variety of objections to the discovery of police records and files and claimed executive privilege. The case at bar is clearly distinguishable, since the Commonwealth is not a party to the captioned suit.

Assuming that the maintenance of prisons and penitentiaries (now euphemized into "State Correctional Institutions") is a governmental function, the court would have to be persuaded that release of the coveted information to an officer of the court (a

lawyer) for purposes of this case only would be harmful to the Commonwealth government, viz.: detrimental to the prison, the prison staff, the inmates and the public as the Commonwealth alleges. We are not so convinced or persuaded.

The statutory physician-patient privilege, Act of July 9, 1976, P.L. 183 (No. 142), 42 Pa.C.S. §5929 (Purdon's Legislative Service, 1976, No. 4), applicable in civil cases may be asserted by the patient. The Commonwealth's argument that, as parens patriae, it is asserting the privilege for the patient is rejected. Surely, the prisoners would be amazed to learn that the same Commonwealth which prosecuted them is now representing them.

The Commonwealth asks us, on the grounds of executive privilege, to conceal from plaintiff in a civil action brought to recover money damages for the wrongful death of Miss Moore, all prison-collected data relating to the killer. Thus, the killer and the Commonwealth's physicians will be safe, but the victim's relatives will be effectively prevented (or, at least hampered) from proving their cause of action. The Commonwealth seeks to protect the killer; we opt to protect the victim.

An appropriate order will be entered.

### ORDER

And now, September 9, 1976, the State Correctional Institution at Pittsburgh, its agents, servants and employes, are hereby directed to make the records of Carl Whitson available to the court for review within 20 days of the entry of this order.