REID, J.
Geolograph Service Corporation, respondent in writ, brought suit against relator, Southern Pacific Company, in the 17th Judicial District Court of the Parish of Terrebonne to recover damages of its automobile and incidental expenses resulting from a collision with a locomotive engine belonging to, and operated by relator. Respondent took the deposition of the engineer of the locomotive and the switchman who was flagging the crossing at the time the accident occurred. Respondent then moved for, and obtained, an ex parte order and a subpoena duces tecum compelling relator to produce and permit the inspection and copying of accident reports made by all of its employees who were members of the crew of the train involved in the accident, including the two whose depositions had been previously taken. Relator then filed a motion to recall the order and quash the subpoena which was denied and it therefore filed an application for writs of certiorari, prohibition and mandamus to this Court to review the validity of the proceedings leading up to the aforesaid order to produce by the District Court.
*129 Relator assigned as error the action of the District Court in issuing the order to produce, without requiring respondent to show good cause therefor. In respondent’s motion for the order and subpoena duces tecum it alleges as a cause for the production of these reports that it is necessary:
“ * * * for the purpose of enabling movers to obtain relevant information regarding the whereabouts and actions taken by defendant’s agents and/or employees at the time of said accident, and movers are informed and believe and so believing allege that they have reason to suspect that said reports or documents contain evidence which will show that defendant’s agents and/or employees were guilty of negligence, which was the cause of the accident, which is the subject of this suit.”
Article LSA-C.C.P. 1492 which is the Article dealing with discovery and production of documents for inspection has in its opening paragraph the following:
“Upon motion of any party showing good cause therefor, and subject to provisions of Article 1452, the court in which the action is pending * * * ”
It is very obvious that the party seeking the order should allege or show good cause therefor.
In the case at bar there is no evidence in the record of any attempt to take depositions or require answers to interrogatories of the witnesses named in the motion whose testimony had not been previously taken. Respondent in his Brief states that the suit is only for a relatively small amount and that it would be working a hardship upon it to have to take the depositions of these four railroad employees who were scattered far and wide all over the State. There is no evidence in the record to substantiate this contention made in the Brief.
In the supplemental memorandum Brief filed by relator it states that they did not inform respondent the witnesses would not be produced but merely advised them if they insisted on taking the depositions of these witnesses it would move for a protective order to reimburse it for the expense of producing these witnesses. Relator contends in its Brief that those members of the crew who were in the caboose had no knowledge of the facts of the accident and would not be in a position to testify how the accident occurred. Relator further contends in his Brief there was no effort made by respondent to require the production of the other members of the crew, nor does the record show any effort, or any attempt, to serve interrogatories upon these witnesses.
Article 1492 closely follows Rule 34 of the Federal Rules of Civil Procedure and it is identical in its requirement for a showing of good cause. We, therefore, find it necessary to examine some of the Federal cases in regard to the holdings on the matter “good cause.” These cases are not controlling but they are persuasive in view of the fact Federal Rules of Civil Procedure were promulgated long before the Louisiana Code of Civil Procedure went into effect. With this in view we find in Alltmont v. United States, 177 F.2d 971, 3rd Cir.1949, the libellants served interrogatories requesting the attachment of statements to the answer thereto. Respondent refused and libellants moved for judgment in their favor because of the failure to answer interrogatories by annexing copies to the statement as ordered by the Court. The District Court ruled against the respondent and the appeal followed. The Court of Appeal held there was virtual unanimity among the Courts that production of copies of statements of witnesses could not be compelled as of right under Admiralty Rule No. 31 or its counterpart, the Civil Procedure Rule 33, but that this could be done only upon a showing of good cause under Admiralty Rule 32 or its counterpart Civil Procedure Rule 34. The decision held (177 F.2d pp. 975, 976) as follows:
“ * * * The Rules, however, do not give a party an absolute right to *130 obtain either the text or a resumé of the statements which the adverse party has obtained from the persons whom he or his agents have seen. Having obtained information as to the existence, nature and location of the statements through interrogatories he is in position to move for their production under Civil Procedure Rule 34 or Admiralty Rule 32. But he must in every case make the showing of good cause required by those Rules for their production. In other words he must show that there are special circumstances in his particular case which made it essential to the preparation of his case and in the interest of justice that the statements be produced for his inspection or copying. His counsel’s natural desire to learn the details of his adversary’s preparation for trial, to take advantage of his adversary’s industry in seeking out and interviewing prospective witnesses, to help prepare himself to examine witnesses or to make sure that he has overlooked nothing are certainly not such special circumstances since they are present in every case. * * * (177 F.2d p. 978)
In the case of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 the Supreme Court of the United States held:
“Petitioner has made more than an ordinary request for relevant, non-privileged facts in the possession of his adversaries or their counsel. He has sought discovery as of right of oral and written statements of witnesses whose identity is well known and whose availability to petitioner appears unimpaired. He has sought production of these matters after making the most searching inquiries of his opponents as to the circumstances surrounding the fatal accident, which inquiries were sworn to have been answered to the best of their information and belief. Interrogatories were directed toward all the events prior to, during and subsequent to the sinking of the tug. Full and honest answers to such broad inquiries would necessarily have included all pertinent information gleaned by Fortenbaugh through his interviews with the witnesses. Petitioner makes no suggestion, and we cannot assume, that the tug owners or Fortenbaugh were incomplete or dishonest in the framing of their answers. In addition, petitioner was free to examine the public testimony of the witnesses taken before the United States Steamboat Inspectors.”
The case of Margeson v. Boston and Maine R. R., D.C., 16 F.R.D. 200 held:
“If every witness consistently told the truth, and none cut his cloth to the wind, little possible harm and much good might come from maximum pretrial disclosure. Experience indicates, however, that there are facile witnesses whose interest in ‘knowing the truth before trial’ is prompted primarily by a desire to find the most plausible way to defeat the truth. For this, and other reasons, I believe the requirement of good cause for compulsory pretrial production should mean more than mere relevancy and competency, or ordinary desirability from the standpoint of the movant, and should be something in the nature of special circumstances.”
In the case United States v. Great Northern Railway Company, 18 F.R.D. 357, held as follows:
“The defendants now move for the production of certain documents pursuant to Rule 34 of the Fed.Rules Civ. Proc. 28 U.S.C.A., and plaintiff objects to a number of these requests for production. It should be observed at the outset that Rule 34 differs from other devices for discovery provided by the Federal Rules. It differs quite substantially from these other devices in that it requires a showing of good cause before production of documents will be ordered. It is not enough, therefore, to show that the matter *131 sought to he produced would be properly subject to interrogatories or examination by depositions. Some 'special circumstances’ must exist which suggest that justice will be served by going beyond interrogatories and depositions, and requiring the production of documents or other matter. Alltmont v. U. S., 3 Cir., 1949, 177 F.2d 971. The cases on the point of ‘special circumstances’ or ‘good cause’ have been more explicit in telling us what is not good cause than in telling us what is. Good cause may not be found in ‘the ordinary situation, where a lawyer would like to examine statements of witnesses procured by the opposing party’, or where the moving party has no more than a surmise or suspicion that the documents sought will yield information vital to his case or provide a basis for impeachment of other testimony. See Hauger v. Chicago, Rock Island and Pacific Railroad Company, 7 Cir., 1954, 216 F.2d 501, 507. The Supreme Court has intimated that only where denial of production would ‘unduly prejudice the preparation of petitioner’s case or cause him any hardship or injustice’ is a showing of good cause made out. See discussion in Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 392, 91 L.Ed. 451. And, of course, it is only in the most unusual of circumstances that a lawyer will be required to produce his ‘work product.’ Hickman v. Taylor, supra. Circumstances calling for the application of Rule 34 may be the unavailability or death of witnesses, the inaccessibility of documents necessary to the preparation of the case (by which is meant something more than convenient for the preparation of the case), an indication of dishonest or false answers in the interrogatories or depositions, or any other circumstance which suggests to the court that the preparation of the case will be unduly hampered without the production requested. Such circumstances, however, must he shown by the petitioner, as the court is not required to ‘search out’ good cause from naked allegations of good cause or relevancy. Martin v. Capital Transit Co., 1948, 83 U.S.App.D.C. 239, 120 F.2d 811. It does not seem conducive to orderly procedure to permit a party to resort first to interrogatories and depositions, and then to seek further or merely corroborative information by means of requests for production of documents.”
The case of Guilford National Bank of Greensboro v. Southern Ry. Co., 4 Cir., 297 F.2d 921 was a case in which the defendant refused to obey a District Judge’s orders requiring it to produce written statements of witnesses obtained by his claim agent. The specific question there was whether the District Judge had abused his discretion by finding that the plaintiff had shown such “good cause” as is required by Rule 34, Federal Rules of Civil Procedure before discovery of written statements of prospective witnesses may be ordered. The Court held as follows:
“The District Judge required the production of the written statements of the witnesses. Guilford National Bank of Greensboro v. Southern Ry., 24 F.R.D. 493 (M.D.N.C.1960). His opinion stated that relevancy was the predominant factor constituting good cause and that the defendant had not shown that any prejudice would result from disclosing these statements, particularly since at the pre-trial conference the defendant would have to reveal the nature of the expected testimony. Nevertheless, the defendant persisted in its refusal to disclose the statements, and after a hearing was adjudged in contempt and fined $250.00.
“We think that the showing of good cause required by Rule 34 is not made by a demonstration that the desired written statements of witnesses are *132 relevant to the controversy and will aid the moving party in his preparations for trial. The scheme of Part V of the Federal Rules of Civil Procedure, Rules 26-37, establishing the entire available battery of pre-trial discovery devices, indicates that something more than a showing of relevancy is needed to satisfy Rule 34.”
There is only one Louisiana case which we think is apropos to the issue involved herein, and that is in Self v. Employers Mutual Liability Insurance Company of Wisconsin, La.App., 90 So.2d 547. In this case the plaintiff obtained from the defendant insurance company a list of 10 witnesses from whom the defendant had obtained written statements. Plaintiff then filed a motion to require production in Court of the statements of these witnesses under the provision of LSA-R.S. 13:3762 and 3772. After a hearing the statements of some 5 of these witnesses were either produced or disposed of to the satisfaction of the plaintiff’s counsel but the Court refused to require the production of the statements of some 5 other witnesses on the grounds that no good cause for such production had been shown.
Our Brothers of the 2nd Circuit Court of Appeals held as follows:
Respondent in its Brief admits that Courts will generally deny a party the right to proceed upon a “fishing expedition”, nevertheless when the facts are not readily available, where witnesses are not readily available and when counsel refuses to make them available there was not an abuse of discretion to require the production of the statements.
We are of the opinion there was no allegation of “good cause” made in tire motion for the production of these statements. There was only the general allegations of relevancy, which we feel are not sufficient in view of the above quoted cases. The order was signed without any contradictory motion but the matter was on the motion of the defendant to vacate the order and nullify it, was heard by the Judge of the Lower Court. However, there is no evidence in the record and no reasons given showing any “special circumstances” brought out in this matter, or any allegations showing that the ends of justice would be seriously hampered if these statements were not obtained.
Respondent in his Brief set forth certain reasons which it thought would justify the Judge’s ruling, but there is no evidence or allegation in the record to justify this statement in the Brief. Relator in its Brief stated that it had not refused to make the witnesses available but showed that the witnesses knew nothing of the facts inasmuch as they were in the caboose at the time the accident occurred.
We, therefore, conclude that our Learned Brother below erred and abused his discretion in granting the order for the production of these statements.
For the foregoing reasons it is ordered that the Lower Court’s order requiring the production of the accident reports be recalled and the subpoena duces tecum requiring the production be quashed and that the matter be remanded to the Lower Court for further proceedings. Cost of the proceedings in this Court to be borne by the respondent.
Writs granted.