SAMUEL, Judge.
Plaintiff filed this suit for personal injuries against the Housing Authority of New Orleans and its insurer, Travelers Insurance Company. The petition alleges he was injured when a power mower operated by a housing authority employee ran over an area covered by tile scraps and ejected one of the scraps into plaintiff’s eye while he was seated on the porch of his residence in a housing authority project. The defendants answered in the form of a general denial (in some instances based on a lack of sufficient information) and further averred an absence of negligence on their part and no causal connection between the alleged injuries and the operation of its lawn mowers.
Prior to, trial plaintiff issued extensive interrogatories. Defendants answered the interrogatories, in pertinent part stating they had made an investigation of the alleged accident, the authority had made a report to Travelers, written statements had been taken from three persons whose names and addresses were given, including statements from the plaintiff and from Louis Marshall, Jr., the operator of the machine allegedly involved in the accident, and no authority employee had witnessed the accident.
Later, a few days before the date of trial, plaintiff caused to be issued to Travelers a subpoena duces tecum ordering production of the complete insurance company file of the accident including all accident reports, statements (written and oral), and a copy of its complete investigation, privileged matters between attorney and client excluded. Defendants moved to quash the subpoena. After a hearing which involved argument of counsel only (no testimony was taken and no evidence was offered by either side), the district court ordered production of the accident report made by the authority to its insurer and all written statements made to defendants; it refused to order production of any other documents. Defendants complied with the order to the extent of furnishing plaintiff with the statement made by him and then applied to this court for writs which we issued with a stay order. In this court defendants make no complaint concerning production of the third statement obtained by them (the one other than those from plaintiff and Marshall). The issues thus presented are whether the trial court correctly required production of: (1) the statement made by Marshall, the authority employee who operated the mower in question; and (2) the accident report.
In view of the fact that the subpoena duces tecum obviously was issued for discovery purposes, the pertinent Code of Civil Procedure articles on that subject, particularly Article 1492 and probably Article 1452, are applicable. Those articles read, inter alia, as follows:,
“Upon motion of any party showing good cause therefor, and subject to the provisions of Article 1452, the court in which an action is pending * * * may:
(1) Order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination *72 permitted by Article 1436 and which are in his possession, custody, or control; * * * ” LSA-C.C.P. Art. 1492. (Emphasis ours).
“ * * *
The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. The court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert.” LSA-C.C.P. Art. 1452 (Emphasis ours).
As shown by the emphasized portion of the above quoted part of Article 1492, it is incumbent upon the applicant for the issuance of an order for production to show good cause therefor. It is true, as we said in American Mark Distrib. Corp. v. Louisville & N. R. Co., La.App., 180 So. 2d 869, 871, that under some circumstances good cause for the production of a document may be deducted from the motion and the circumstances themselves and the trial court enjoys a wide latitude of discretion in deciding whether good cause has been shown or is apparent. But in the instant case it is clear that good cause cannot be found from either the circumstances or anything contained in the record before us.
Both sides concede that counsel for plaintiff also obtained a statement from Marshall. Plaintiff contends that in the Marshall statement obtained by him Marshall admitted the power mower he was operating did accidentally eject some object which struck plaintiff in the eye. He argues that the answer denying the occurrence of the accident is in conflict with Marshall’s statement to him and therefore he has shown sufficient good cause to support the order requiring the production of Marshall’s statement to the defendants.
If the record revealed that Marshall did give dishonest or false answers in his statement to plaintiff counsel, or that any of those answers contradicts any material averment in the defendants’ answer to plaintiff’s petition, we would hold that plaintiff had the right to examine the document in question. See Geolograph Service Corp. v. Southern Pacific Co., La.App., 172 So.2d 128, and authorities therein cited. But we do not know what Marshall said in his statement to plaintiff’s counsel. As we have said, the record before us is devoid of any such proof. Neither the Marshall statement to plaintiff nor any other evidence has been offered to show what that statement contained. The hearing in the trial court involved only argument, itself devoid of any reference to the contents of the statement. We must hold that plaintiff has failed to carry his burden of showing such special circumstances or good cause as to justify the ordering of the production of the Marshall statement taken by the defendants.
We reach a similar conclusion relative to the accident report. As the record reveals no special circumstances or good cause, and as there has been no showing of good cause of any kind by the plaintiff, he is not entitled to the order requiring production of the report. In addition we are uninformed as to the nature or contents of the report and it is quite possible that, in whole or in part, it was prepared by the housing authority in anticipation of litigation. In such event, under the above quoted portion of Article 1452 the order should not have been issued unless the court was satisfied that denial of the production of the report would unfairly prejudice plaintiff or cause him undue hardship or injustice. There is nothing in the record which would justify such a finding.
For the reasons assigned, it is ordered that the order of the Civil District Court for the Parish of Orleans, Division C, re *73 quiring the production of the accident report and the statement made by Louis Marshall, Jr. to the defendants, be recalled and the subpoena decus tecum requiring such production be quashed. The matter is. remanded to the district court for further proceedings.
Writs made peremptory.