REDMANN, Judge.
In this suit against the insurer of a hospital and the doctors there practicing, an element of plaintiff’s negligence complaint is that an electrocardiogram was not properly interpreted by an intern in the hospital emergency room. Plaintiff complains that the doctor was negligent, and the hospital was negligent in having in its emergency room a doctor who was not competent to read EKGs.
During pre-trial discovery depositions, the doctor declined, on advice of counsel for defendant, to express his interpretation of other EKGs of plaintiff which are in the hospital files. Plaintiff applied to the trial court for an order to compel the doctor’s testimony in this regard, but was refused.
Certiorari was granted.
Plaintiff argues he seeks the testimony only to show the fact that the doctor is of certain opinions (which plaintiff might then show are not within the reasonable range of acceptable medical opinions) as a step in proving the doctor is incompetent, and that the hospital was negligent in employing an incompetent.
Defendant argues the testimony sought is expert opinion testimony, which this doctor is not qualified to give and which is not discoverable anyway, citing Barnett v. Barnett Enterprises, Inc., 182 So.2d 728 (La.App.1966).
The facts plaintiff seeks to establish are irrelevant to his cause of action. He alleges the doctor was an employee of the hospital, plainly in the course and scope of his employment, and that the defendant’s policy insures both the doctor and the employer-hospital. A showing that injury resulted from the doctor’s negligence on the particular occasion is both indispensable and sufficient to plaintiff’s recovery.
Inadmissibility is not a valid objection if the testimony sought is “reasonably calculated to lead to the discovery of admissible evidence”, LSA-C.C.P. art. 1436. But we are unable to perceive any such result here, and applicant’s counsel has not suggested any.
Plaintiff is not entitled to discover the irrelevant information he seeks. The ruling of the trial judge is correct, and the writ of certiorari is recalled.
Writ recalled.