344 So.2d 953 (1977)
Joseph A. OGEA
v.
Joseph C. JACOBS et al.
No. 58364.
Supreme Court of Louisiana.
April 11, 1977.
*954 Jacque B. Pucheu, Jr., Pucheu & Pucheu, Eunice, for plaintiff-relator.
V. Farley Sonnier, Davidson, Meaux, Onebane, Donohoe, Bernard, Torian & Diaz, Lafayette, for defendants-respondents.
DENNIS, Justice.
This is a discovery dispute. It involves litigation arising from an oil drilling rig accident in which plaintiff, Joseph A. Ogea, was injured by a metal floor plate which fell upon him as he worked on the ground beneath the rig. Ogea sued his employer's insurer, Highlands Insurance Company, his employer's toolpusher and jobsite executive, Gordon E. Davis, as well as another employee and an officer of his employer. The accident occurred on February 21, 1974, and suit was filed on February 19, 1975.
As plaintiff's attorney was taking the deposition of Mr. Davis on October 23, 1975, Mr. Davis, who was on the jobsite at the time of the mishap, had several lapses of memory regarding events he may have observed and facts reported to him by other witnesses.[1] He testified, however, that within a few days after the incident he *955 prepared a written accident report containing data obtained from other employees and including his own opinion as to the basic cause of the accident. When asked what he had reported as the basic cause, Mr. Davis suffered another lapse of memory. Plaintiff's attorney then asked Mr. Davis for his present opinion of the accident's cause, but defense counsel instructed him not to answer.
After determining that the accident report was in Highlands' possession plaintiff filed a motion for its production on March 26, 1976. In support of his motion the plaintiff annexed pertinent portions of the deposition of Mr. Davis. Subsequent to arguments on the motion the trial judge refused to compel production of the accident report. In his written reasons for judgment, the trial judge found that the report had been prepared in anticipation of litigation and stated: "the accident report is privileged, until `good cause' is shown. Other than a general argument, no solid `evidence' of good cause has been adduced by Plaintiff."
The court of appeal denied plaintiff's application for supervisory relief, finding no error or abuse of discretion in the trial court's ruling. We granted writs because the holdings below appear to reflect a misapprehension of the rules of discovery. For the reasons hereinafter assigned, we reverse.
The record presented for our review contains the full deposition of Mr. Davis. Apparently no additional evidence was introduced by either party at the hearing on the motion to produce. The deposition contains no direct evidence that Mr. Davis prepared the accident report in anticipation of litigation. He was never asked why he prepared the report. A party seeking to avoid production of a writing otherwise discoverable bears the burden of proving that it was prepared or obtained in anticipation of litigation or in preparation for trial. E. g., Sonier v. La. Power and Light Co., 272 So.2d 32 (La.App. 1st Cir. 1973). Cf. Commonwealth of Puerto Rico v. S.S. Zoe Colocotroni, 61 F.R.D. 653 (D.Puerto Rico, 1974); Technograph, Inc. v. Texas Instruments Inc., 43 F.R.D. 416 (S.D.N.Y.1967).
Accordingly, the trial judge was in error in finding that the accident report was prepared in anticipation of litigation, unless this fact was established by stipulation at oral argument upon the motion to produce. Because no transcript of that proceeding appears in the record and a resolution of the issue is not essential to our review of the dispute, we will assume this was the case and base our decision on other grounds.
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, and it is not a ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. La.C.C.P. art. 1422 (Acts 1976, No. 574, § 1).[2] The defendants here can not contend that the accident report contains attorney-client communications, the mental impressions of an attorney or expert, or other privileged matter. See La.C.C.P. arts. 1422 and 1424 (Acts 1976, No. 574 § 1). Instead, they claim it is not subject to discovery because it was prepared in anticipation of litigation.
A writing obtained or prepared by an adverse party, his attorney, surety, underwriter, expert or agent in anticipation of litigation or in preparation for trial is immune from discovery unless the party seeking production or inspection shows that denial *956 thereof will unfairly prejudice him in the preparation of his case or will cause him undue hardship or injustice. La.C.C.P. art. 1424 (Acts 1976, No. 574 § 1).[3] In the instant case the trial judge's determination that plaintiff failed to adduce "solid evidence" showing "good cause" for production of the report was tantamount to a finding that plaintiff failed to introduce real evidence that denial of discovery would cause unfair prejudice, undue hardship or injustice.[4]
*957 The words "unfair prejudice," "undue hardship," and "injustice," of course, are not terms of precision. They represent concepts which evolved in the federal rules of discovery from numerous judicial decisions rendered in the context of widely varying factual situations. Louisiana's discovery law is derived from the federal discovery rules. See, Preliminary Statement, Book 2, Title 3, Chapter 3, Louisiana Code of Civil Procedure of 1960. Likewise, most of the 1976 amendments to Louisiana's discovery provisions were patterned after the 1970 revision of the federal rules of discovery. Maraist, Recent Changes in Louisiana, Discovery Law: An Analysis of Act No. 574 of 1976, XXIV La.B.J. 161 (December, 1976). Consequently, Louisiana courts construing the Louisiana discovery provisions have frequently relied on federal jurisprudence under analogous federal provisions as persuasive authority on questions involving the discoverability of documents. Madison v. Travelers Insurance Co., 308 So.2d 784 (La. 1975); Cousins v. State Farm Mutual Automobile Insurance Co., 258 So.2d 629 (La. App. 1st Cir. 1972); American Mark Distributing Corp. v. Louisville & Nashville R.R. Co., supra; Geolograph Service Corp. v. Southern Pacific Co., supra; Self v. Employers Mutual Liability Insurance Co. of Wisconsin, 90 So.2d 547 (La.App. 2d Cir. 1956).
To discover written statements under Federal Rule 26(b)(3)[5] it must be shown that a party "has substantial need of the materials in the preparation of his case" and that "he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." We discern no substantial difference between this burden and that which must be borne by a party seeking discovery of statements prepared in anticipation of litigation under the Louisiana Code of Civil Procedure article 1424.
The notes of the Advisory Committee to Federal Rule 26 set forth the factors which *958 federal courts have considered relevant in determining whether this type discovery should be allowed:
"* * * The court in Southern Ry. v. Lanham, 403 F.2d 119 (5th Cir. 1968), while it naturally addressed itself to the `good cause' requirements of Rule 34, set forth as controlling considerations the factors contained in the language of this subdivision. The analysis of the court suggests circumstances under which witness statements will be discoverable. The witness may have given a fresh and contemporaneous account in a written statement while he is available to the party seeking discovery only a substantial time thereafter. Lanham, supra at 127-128; Guilford [Guilford National Bank v. Southern Ry., 297 F.2d 921 (4th Cir.)], supra at 926. Or he may be reluctant or hostile. Lanham, supra at 128-129; Brookshire v. Pennsylvania RR, 14 F.R.D. 154 (N.D. Ohio 1953); Diamond v. Mohawk Rubber Co., 33 F.R.D. 264 (D.Colo. 1963). Or he may have a lapse of memory. Tannenbaum v. Walker, 16 F.R.D. 570 (E.D.Pa.1954). Or he may probably be deviating from his prior statement. Cf. Hauger v. Chicago, R.I. & Pac. RR, 216 F.2d 501 (7th Cir. 1954). On the other hand, a much stronger showing is needed to obtain evaluative materials in an investigator's reports. Lanham, supra at 131-133; Pickett v. L. R. Ryan, Inc., 237 F.Supp. 198 (E.D.S.C.1965)." Advisory Committee's Note, 48 F.R.D. 501; Fed. Rules Civ.Proc. rule 26, U.S.C.A., Notes of Advisory Committee on Federal Rules, at 158.
In a recent analysis of the federal decisions, Moore observes:
"Under the Rule [26(b)(3)] as presently worded the factors to be taken into account in the exercise of the district court's discretion [include] the importance of the information sought in the preparation of the case of the party seeking it, and the difficulty it will face in obtaining substantially equivalent information from other sources if production is denied. The latter factor finds illustration in many circumstances. Statements contemporaneous with the occurrence are in a sense unique and cannot be duplicated by later interviews or depositions. * * * Statements of witnesses who since the statements were taken have become unavailable afford another example. Hostility of a witness, deviation from a prior statement, or lapse of memory are also factors to be considered." (Footnotes omitted; emphasis supplied.) 4 Moore's Federal Practice, ¶26.64[3] at XX-XXX-XXX.
Plaintiff contends that he lacks independent recollection of the events and facts surrounding the accident. He was injured by an object which fell on him from a height of ten to fifteen feet. There being no evidence in the record to refute his reasonably contended lack of knowledge, we accept it as an established circumstance under which he seeks discovery of the accident report. Plaintiff argues that information substantially equivalent to that contained in the accident report, reflecting the results of an investigation conducted within days of the accident, and constituting a unique and immediate impression of the circumstances surrounding the accident, is unavailable to him despite his present ability to depose those persons present during the accident. He argues that there can be no realistically equivalent discovery of such facts through depositions relying solely on the memory of the witnesses.
The merit of plaintiff's argument is amply demonstrated by the testimony of Mr. Gordon Davis in his deposition. He was present and apparently looking directly at the plaintiff when the accident occurred. He gathered facts about the mishap from employee-witnesses under his supervision, which he set forth in the accident report along with his opinion of the cause of the accident. Yet when he was questioned about these facts and his opinion some twenty months after the accident his memory failed repeatedly regarding crucial portions of the data he recorded shortly after plaintiff's injury.
There is persuasive authority for the notion that statements taken shortly after the *959 accident are of unique value for discovery purposes and should be made available to parties merely because of the passage of time in itself:
"* * * Indeed, though there are cases to the contrary, there is now substantial authority for the proposition that statements taken from witnesses close to the time of the occurrence are unique, in that they provide an immediate impression of the facts. On this view, mere lapse of time is in itself enough to justify discovery. * * * The notion that the statement taken nearest to the event will most accurately reflect the perception the witness had of the event is amply supported by psychological studies, as well as by common sense. This fact lends strong support to the argument that lapse of time in itself creates necessity or justification for the production of statements taken near the time of the event." Wright, Law of Federal Courts, § 82 at p. 367 (2d ed. 1971) (footnotes omitted).
See, e. g., McDougall v. Dunn, 468 F.2d 468 (4th Cir. 1972); Southern Railway Co. v. Lanham, 403 F.2d 119 (5th Cir. 1968); Southern Railway Co. v. Campbell, 309 F.2d 569 (5th Cir. 1962). See also, Wright & Miller, Federal Practice and Procedure: Civil, § 2025 at 220-21 and cases cited therein.
We cannot conclude that in every case, because of the lapse of time in itself, a party denied production of a statement taken near the time of the event will be unfairly prejudiced in the preparation of his case or caused undue hardship or injustice. However, this circumstance combined with other factors, e. g., a witness' unavailability, reluctance, hostility, lapse of memory or apparent deviation from his prior statement, may produce a substantial likelihood that a litigant will be forced to trial without information in possession of his adverse party which appears reasonably calculated to lead to admissible evidence. In such a case the risk of prejudice to his case, undue hardship or injustice would warrant an order for the production and inspection of the writing.
That the party seeking discovery was responsible for the delay in taking statements or depositions of witnesses, thereby enhancing the hardship likely to result from a denial of access to the earlier, almost contemporaneous, statements and reports, should not prevent him from discovering those documents. In Southern Railway Company v. Lanham, 403 F.2d 119 (5th Cir. 1968), the court aptly expressed the reasons for this conclusion:
"Discovery would not appear to prejudice appellant unduly though it is true that appellees will derive the benefit of appellant's diligence in securing statements from the crew. Our role in administering the discovery rules, however, is not to reward diligence or to penalize laziness. A lawsuit is not a contest in concealment, and the discovery process was established so that `either party may compel the other to disgorge whatever facts he has in his possession.' Hickman v. Taylor, 1947, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451. Moreover, the fact that one party acts swiftly and first obtains the facts by the taking of statements or otherwise, gives that party no inherent right to secrete those facts and withhold them from the adverse party. If the adverse party can demonstrate good cause for the production of these facts, the Court should order the facts to be produced." 403 F.2d at 130.
Applying the principles set forth above, we find that denial of plaintiff's request for production of the accident report, containing as it does the results of Davis' almost contemporaneous investigation into the causes, facts and circumstances surrounding the plaintiff's injury, would unfairly prejudice the plaintiff in the preparation of his case, in view of his present inability, because of the passage of time and Davis' lapses of memory, to obtain equivalent data equally likely to lead to the discovery of admissible evidence.
Defendants' primary objection in this Court to production of the accident report is that it contains an expression of Gordon Davis' opinion as to the ultimate cause of *960 the accident. In fact, defendants offer to disclose all of the report except Davis' opinion, but they urge that this Court first rule that the opinion is immune from discovery. Arguing that Davis' opinion would be inadmissible at trial as lay opinion testimony, and, that if Davis is regarded as an expert, his opinion is entitled to an unqualified immunity from discovery under La.C.C.P. art. 1424, defendants further assert that Davis' opinion as to the accident's ultimate cause would not be likely to aid the plaintiff in obtaining admissible evidence.
We need not consider the merit of the contention that Davis' opinion would be inadmissible at trial. But see, McCormick on Evidence, §§ 263, 264, at pp. 632-33 (Cleary ed. 1972). It is immaterial that the expression of opinion contained in the accident report might itself be inadmissible at trial. As is made abundantly clear in Article 1422 of the Louisiana Code of Civil Procedure, the test of discoverability is not the admissibility of the particular information sought, but whether the information appears reasonably calculated to lead to the discovery of admissible evidence. See, e. g., Fox v. Argonaut Southwest Insurance Co., 230 So.2d 400 (La.App. 4th Cir. 1970). Cf. 4 Moore's Federal Practice, ¶26.56[4]. We do not regard as serious the contention that Gordon Davis prepared the report as an expert, because there is no evidence to support such a finding.
Nevertheless, defendants cite several federal cases in which opinions were deleted from otherwise discoverable documents prepared in anticipation of litigation. Southern Railway Co. v. Lanham, supra, (the court ordered the deletion of the opinion of an investigating claim agent as to the cause of an accident from an accident report ordered produced); Holmes v. Gardler, 62 F.R.D. 70 (E.D.Pa.1974); Frankenhauser v. Rizzo, 59 F.R.D. 339 (E.D.Pa.1973). These cases are inapposite because of the difference between the Louisiana discovery provisions and the federal rule under which they were decided.
Federal Rule of Civil Procedure 26(b)(3) in part provides:
"* * * [W]hen the required showing [for production of documents, etc.] has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." (Emphasis supplied.)
Thus, the federal rule affords protection to opinions of a broader class of individuals than that found in Louisiana Code of Civil Procedure Article 1424, which prohibits discovery of the written opinions, conclusions, mental impressions and theories of experts and attorneys only.
The written opinion of Gordon Davis, neither an attorney nor an expert, but a party to the present litigation, as to the ultimate cause of the accident giving rise to plaintiff's injuries is not a mental impression protected from discovery under the Louisiana discovery rules. Both Davis' opinion as to the cause of the accident and the data he gathered from the other employee-witnesses appear reasonably calculated to lead to the discovery of admissible evidence.
Ordinarily the trial judge's finding on such issues is entitled to much weight. In a case such as this, however, where the plaintiff adduced abundant evidence in support of his motion, and yet the trial court found "no evidence" of good cause for discovery or unfair prejudice to the plaintiff's case, we conclude that the finding below must have been produced by a misunderstanding or error of law.
Accordingly, the order of the trial judge denying production of the accident report is set aside, and its production for inspection by the plaintiff is hereby ordered.
MARCUS, J., concurs.
SUMMERS, J., dissents finding no error in the judgments of the trial and appeal court judgments.
NOTES
[1] During the deposition Davis indicated that he could not remember who had told him that the floor plate had fallen and struck the plaintiff; he could not remember if he saw the floor plate fall; he could not remember whether Mr. Jacobs, a co-defendant, had been able to maneuver the floor plate to the end of the rig platform before the accident; he did not recall who had aided him in going to plaintiff's assistance immediately after the accident; he could not remember whether he had seen a floor plate lying around in the vicinity after the accident; he did not recall the persons with whom he had discussed the accident; he could not remember what others had told him about the accident; and, he could not remember what conclusions he had reached respecting the ultimate cause of the accident at the close of his investigation.
[2] On recommendation of the Louisiana State Law Institute the legislature, by Act No. 574 of 1976, enacted a comprehensive revision of the civil discovery provisions of the Louisiana Code of Civil Procedure, which became effective on October 1, 1976. Being procedural only, and not operating to affect contractual or vested property rights, these provisions became applicable in the present case as of their effective date. Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566 (1940). Nevertheless, because the new discovery rules which govern here are basically similar to the former ones, we would have reached the same result by applying them.
[3] The limitations on discovery of information gathered in anticipation of litigation contained in former La.C.C.P. art. 1452 now appear in La.C.C.P. art. 1424, which, in pertinent part, provides:

"The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. The court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert."
[4] Under the discovery provisions existing before the effective date of La. Acts of 1976, No. 574, Article 1492 required a preliminary showing of "good cause" as a prerequisite for obtaining an order compelling production of documents, regardless of whether they were prepared in anticipation of litigation, or merely prepared in the ordinary course of business. La.C.C.P. art. 1492, repealed by La. Acts 1976, No. 574; e. g., Tibbs v. Housing Authority of New Orleans, 204 So.2d 70 (La.App. 4th Cir. 1967). The mere fact that a document might be discoverable within the broad terms of La.C. C.P. art. 1436i. e., relevant, not privileged and likely to lead to the discovery of admissible evidencewas not automatically regarded as establishing "good cause" for its production. E. g., Geolograph Service Corp. v. Southern Pacific Co., 172 So.2d 128 (La.App. 1st Cir. 1965). Although it was recognied that in some instances, as where the relevancy of the document sought was apparent, and where its usefulness in the preparation of the case of the party seeking production was obvious, "good cause" could be inferred from the motion for production itself. American Mark Distributing Corp. v. Louisville & Nashville R.R. Co., 180 So.2d 869 (La.App. 4th Cir. 1965).

Once the preliminary showing of "good cause" was made, if it appeared that the document sought had been prepared in anticipation of litigation, then, under the terms of La.C.C.P. art. 1452 (superseded by La.C.C.P. art. 1424), an additional showing of unfair prejudice, undue hardship or injustice was required to justify an order compelling its production. Documents prepared in anticipation of litigation and reflecting the mental impressions, conclusions, opinions, or theories of attorneys and experts were accorded an absolute immunity against discovery. State, through Department of Highways v. Spruell, 243 La. 202, 142 So.2d 396 (1962). It seems clear that a showing which would have satisfied the requirements of La.C. C.P. art. 1452 (superseded by La.C.C.P. art. 1424) would have been sufficient to establish "good cause" under La.C.C.P. art. 1492 (superseded by La.C.C.P. art. 1461). In fact, courts have often equated a showing of good cause with a demonstration that denial of discovery would unduly prejudice the preparation of petitioner's case or cause him hardship or injustice. See, Geolograph Service Corp. v. Southern Pacific Co., supra, and federal cases quoted therein.
Before the 1970 amendments to the Federal Rules of Civil Procedure governing discovery, Rule 34, which was the source of former Article 1492 of the Code of Civil Procedure, provided inter alia:
"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control; * * *." (Emphasis supplied.)
Thus, as in Louisiana, a preliminary showing of "good cause" was necessary for an order compelling discovery of any documentregardless of whether it was prepared in anticipation of litigation, or merely prepared in the ordinary course of business.
The federal courts applying this rule came to use a dual standard for determining whether "good cause" was established: being satisfied that mere relevancy of the document sought was enough when it was not prepared in anticipation of litigation. Connecticut Mutual Life Insurance Co. v. Shields, 17 F.R.D. 273 (S.D.N. Y. 1955); Houdry Process Corp. v. Commonwealth Oil Refining Co., 24 F.R.D. 58 (S.D.N.Y. 1959); Bell v. Commercial Insurance Co. of Newark, N.J., 280 F.2d 514 (3d Cir. 1960); but requiring much more than mere relevancyi. e., the courts would look to the importance of the materials to the preparation of the case of the party seeking discovery, the necessity for the materials, and the alternative sources for securing reasonably equivalent information where the materials sought were prepared in anticipation of litigation. E. g., Brown v. New York. New Haven & Hartford Railroad Co., 17 F.R.D. 324 (S.D.N.Y.1955); Guilford National Bank of Greensboro v. Southern Railway Co., 297 F.2d 921 (4th Cir. 1962); Mitchell v. Bass, 252 F.2d 513 (8th Cir. 1958).
The 1970 amendments to the federal discovery provisions eliminated the requirement of a preliminary showing of "good cause" for discovery of documents and tangible things under Rule 34, but retained the requirement of a special showing of necessity for production of trial preparation materials by expanding the scope of Rule 26(b).
Thus, the showing of special necessity to obtain production of materials prepared in anticipation of litigation under present Rule 26(b)(3) is substantially identical to that previously required under the stricter "good cause" standard applied to questions of discovery of those materials under former Rule 34. See generally, Notes of the Advisory Committee on Federal Rules 26 and 34, 48 F.R.D. 492, 497-508, 525, 526-27 (1970); see also, 4 Moore's Federal Practice, ¶26.64 at 26-412 through 26-457.
The 1976 amendments to the Louisiana discovery articles deleted the requirement for production of documents that a party seeking discovery make a preliminary showing of "good cause," see La.C.C.P. art. 1461 (enacted by La.Acts.1976, No. 574), as well as the requirement that a litigant always obtain a court order compelling production of documents and tangible things. See, La.C.C.P. art. 1462 (enacted by La.Act 1976, No. 574). Documents falling within the scope of La.Code of Civil Procedure Article 1422 are now discoverable of right, unless they were prepared in anticipation of litigation. In that event they are discoverable only upon a showing by the party seeking discovery that he will be unfairly prejudiced in the preparation of his claim or will be subjected to undue hardship or injustice by the failure of the court to order their production. La.C.C.P. art. 1424 (enacted by La.Acts 1976, No. 574).
[5] Federal Rule of Civil Procedure 26(b)(3) provides inter alia:

"* * * a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. * * *"