LEAR, Judge.
This matter is before us for review of an alternative writ of mandamus issued by this court ordering the trial court to vacate an order commanding Cargill, Inc. (appellant) to furnish Cementation Company of America, Inc., et al. (appellee) with copies of statements obtained from former employees of appellee who had been in the employ of appellee on or before March 8, 1973; or show cause why the writ should not be made peremptory. The trial court elected the alternative and answered the writ stating that its original order compelling production of the statements was proper, in full compliance with Louisiana’s discovery provisions and should be affirmed as written. The writ is made peremptory and this matter is remanded to the trial court for further determinations as specified herein.
Cargill, Inc. and Appalachian Insurance Company (plaintiffs) instituted this proceeding against Cementation Company of America, Inc., seeking recovery of damages allegedly suffered as the result of the collapse of a shaft constructed in a salt mine by appellee under a contract with appellant. Construction of the shaft commenced in 1969, was completed in 1971 and the collapse occurred on March 8, 1973.
Following the collapse, Cargill, Inc., and Appalachian retained several attorneys to investigate the loss. Robert Lee, an investigator hired by the law firm retained by Appalachian obtained statements from several former employees of appellee during his investigation in 1973. H. Lee Leonard *MCDXVI and James P. Lambert, currently attorneys of record for plaintiffs also procured statements from appellee’s former employees in 1978 and 1979. The individuals giving the statements were no longer in the employ of appellee at the time the statements were given.
Suit was filed in April, 1974, and both parties initiated discovery procedures. Ap-pellee requested that plaintiffs furnish all statements taken during their investigation of the loss. Plaintiffs refused and appellee filed a motion in the trial court to compel production. Following a hearing, the trial court ordered appellant to furnish appellee with copies of all statements taken from persons who had been employees of Cemen-tation on or before March 8, 1973, the date of the collapse. The trial court additionally authorized appellant to depose certain of appellee’s former employees who had previously given some of the requested statements, although those earlier statements had not yet been made available to appel-lee.
Pursuant to these rulings, both appellant and appellee petitioned this court for writs. Appellee sought to stay the depositions authorized by the trial court until a final determination of whether the statements made by appellee’s former employees should be produced. This application was denied and appellee petitioned the Supreme Court for writs to review this court’s decision. The Supreme Court granted a writ staying the depositions until the rendering of a decision on whether appellee was entitled to the previous statements of those witnesses. Following this order, appellant petitioned the Supreme Court for permission to depose three witnesses upon providing appellee with the previous statements of those three witnesses. The Supreme Court granted this application.
While those proceedings were transpiring, appellant had also petitioned this court for certiorari, alleging that the trial court erred in ordering it to provide the statements previously taken from appellee’s former employees. Pursuant to this application the alternative writ of mandamus which forms the basis of this review was issued.
Appellant contends that the statements obtained from appellee’s former employees are not discoverable by appellee because:
(1) the statements constitute the privileged work product of plaintiff’s attorneys;
(2) the statements are not statements of a party under Louisiana Code of Civil Procedure Article 1424; and
(3) the statements were taken in anticipation of litigation and appellee has failed to show unfair prejudice or undue hardship as required by Louisiana Code of Civil Procedure Article 1424.
I. Do the Statements Constitute the Privileged Work Product of Plaintiff’s Attorney?
Appellant argues that Louisiana’s discovery provisions are derived from the Federal Rules of Civil Procedure and that under federal jurisprudence statements taken by plaintiff’s attorney of the defendant’s employees, agents or servants are not discoverable since they constitute the privileged work product of plaintiff’s attorneys, consequently, appellant deduces a similar conclusion under the Louisiana provisions.
The contention is incorrect. Initially, it is well established under the Federal Rules of Civil Procedure that work product can be discovered upon showings of necessity and prejudice. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, 1947. Furthermore, under Louisiana Code of Civil Procedure Article 1424, only attorneys’ or experts’ mental impressions, conclusions, opinions or theories fall completely beyond the scope of discovery. Appellant has not successfully asserted that the requested statements fall within this category. On the contrary, since the statements requested only encompass statements of the witnesses, it seems obvious that they do not contain mental impressions or conclusions of plaintiff’s attorneys. Furthermore, the mere fact that statements are taken by an attorney is not determinative of whether they qualify as work product. (E.I. DuPont De Nemours & Co. v. Phillips Petroleum Co., 24 F.R.D. 416 (D.C.Del.); Scourtes v. Fred W. Albrecht Grocery Co., 15 F.R.D. 55 (D.C.Ohio)).
*MCDXVII Therefore, the statements do not constitute the privileged work product of plaintiff’s attorneys.
II. Are the Requested Statements the Statements of a Party Under La.C.C.P. Art. 1424?
La.C.C.P. Art. 1424 provides generally for the scope of discovery in Louisiana. Paragraph 1 provides that a court shall not order the production of any writing obtained or prepared by an adverse party in anticipation of litigation unless denial will unfairly prejudice the party seeking the writings in preparing his claim or will cause him undue hardship or injustice. Paragraph 2 qualifies Paragraph 1 by stating that a party may obtain without the required showing (of unfair prejudice or undue hardship) a statement concerning the action or its subject matter previously made by that party. It is additionally provided that a person not a party may also obtain a statement concerning the action or its subject matter previously made by that person without the required showing.
Appellant argues that the statements of the former employees are not statements of a party (appellee) and consequently cannot be obtained absent a showing of unfair prejudice or undue hardship. It contends that the term party as used in Article 1424 denotes individuals or legal entities either named of record or at least having a real legal interest in the outcome of the litigation. Appellant additionally contends that the delineation between the terms “party" and “representative” in La.C.C.P. Art. 1634 dealing with cross examination of adverse parties evidences a legislative intent that statements of employees or representatives do not constitute statements of the party for purposes of Article 1424. Otherwise, it argues, the term representative would have also been incorporated in Article 1424. Ap-pellee contends that appellant’s proposed definitions of party in Article 1424 would render the article inapplicable to instances when a legal entity is the party of record since such entities can only make statements through employees or representatives. Neither appellant nor appellee cite authority directly on point and our research has also failed to unveil any.
Notwithstanding the previous arguments, both appellant and appellee contend that any statement which at trial would be admissible against an adverse party as an admission should be deemed a statement of that party for purposes of Article 1424. There exists some authority to support this contention.
Louisiana’s discovery provisions are derived from federal discovery rules and consequently federal jurisprudence may be relied upon in construing Louisiana discovery provisions. Ogea v. Jacobs, 344 So.2d 953 (La.1977). The Advisory Committee note on Federal Rule 26(b)(3), which parallels Article 1424, explains that the rationale underlying the provision enabling a party to obtain his own statement without any special showing is based on “the fact that the party’s statement is without more, admissible in evidence”. The note further states that:
“Ordinarily a party gives a statement without insisting on a copy because he does not yet have a lawyer and does not understand the legal consequences of his actions. Thus, the statement is given at a time when he functions at a disadvantage. Discrepancies between his trial testimony and earlier statement may result from lapse of memory or ordinary inaccuracy; a written statement produced for the first time at trial may give such discrepancies a prominence which they do not deserve.”
In view of this rationale, one commentator has noted that when a corporation is a party to a suit, a statement by a corporate employee would come under the provision of Rule 26(b)(3) if it would be admissible in evidence against the corporation as a vicarious admission. Wright & Miller’s Federal Practice and Procedure, Sec. 2027. Assuming the validity of this position, the focus of the inquiry would then be identifying corporate employee statements which would be admissible as vicarious admissions. In this respect, La.C.C.P. Arts. 1450 and 1442 provide some guidance.
La.C.C.P. Art. 1450(2) states that:
*MCDXVIII “The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Arts. 1442 and 1448 to . testify on behalf of a public or private corporation, partnership or association, or governmental agency which is a party may be used by an adverse party for any purpose.”
La.C.C.P. Art. 1442 deals with depositions of an organization and states that:
“A party may in his notice name as a deponent a public or private corporation and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf . . .”
(La.C.C.P. Art. 1448 referred to in La.C.C.P. Art. 1450 enumerates the same persons designated in La.C.C.P. Art. 1448.) Based on these articles, it can be concluded that statements by any person(s) designated therein would constitute admissions by the organization and should, therefore, be regarded as statements of a party for purposes of La.C.C.P. Art. 1424.
Under the present factual circumstances, appellee’s former employees who gave the statements were apparently laborers who had worked in construction of the shaft which collapsed. Additionally, at the time the statements were obtained these individuals were no longer in the employ of appellee. Obviously, the statements were not made by one who at the time was an officer, director, or managing agent, or other person designated under Arts. 1450 and 1442. Therefore, the statements do not amount to vicarious admissions under this test. Nevertheless, appellee contends that it does not matter that the statement was given by a former employee since the statements refer to matters arising during his employment involving his employer and for which the employer would still be held liable. In this respect, appellee argues that the statements of the former employees have the practical effect of vicarious admissions. However, there is no authority to support appellee’s contention. On the contrary, in Bobo v. Sears Roebuck & Company, 308 So.2d 907 (La.App.2d Cir. 1975) the court stated that although vicarious admissions of an agent are an exception to the hearsay rule, it must be shown that the person alleged to have made the statement was an employee of the corporation and was acting within the scope of his authority-
Therefore, the statements of the former employees do not constitute vicarious admissions and consequently are not statements of a party under La.C.C.P. Art. 1424.
III. Were the Statements Taken in Anticipation of Litigation and Has Appellee Shown Unfair Prejudice or Undue Hardship?
La.C.C.P. Art. 1424 provides that an adverse party can be ordered to produce writings obtained in anticipation of litigation if denial of access to those writings will unfairly prejudice or cause undue hardship to the party seeking them. Thus, the article compels a bifocal inquiry involving:
(1) whether the writings were obtained in anticipation of litigation, and
(2) whether the party seeking the writings has shown unfair prejudice or undue hardship.
Addressing the first inquiry, appellant alleges that the fact that the statements were taken in anticipation of litigation is not seriously disputed. It states that:
(1) all the statements were taken by attorneys for plaintiffs in anticipation of litigation;
(2) since the shaft collapsed within the two year warranty period the possibility of litigation was obvious and indicates that the statements were in fact taken in anticipation of litigation; and anyhow,
(3) appellee was aware immediately following the collapse of the shaft that litigation would ensue.
Louisiana jurisprudence provides that a party seeking to avoid production of a writing otherwise discoverable bears the burden of proving that it was obtained in anticipation of litigation. Ogea v. Jacobs, *MCDXIX supra. In Sonier v. Louisiana Power and Light Co., 272 So.2d 32 (La.App. 1st Cir. 1973) it was additionally stated that:
“. . . it is not the date or time of the document which controls (whether it was obtained in anticipation of litigation), but rather the content, nature, and purpose thereof.”
Under the present factual circumstances, appellant has shown that the procurement of the statements was prompted by an anticipation of litigation. For instance, the depositions of the investigators for Appalachian indicate that the statements were taken in connection with a possible subrogation claim.
Appellant having shown that the statements were obtained in anticipation of litigation, appellee then bears the burden of showing that denial of access to those statements will unfairly prejudice it in preparing its claim or will cause undue hardship. Initially, appellee contends that it will suffer unfair prejudice simply due to the lapse of time since the procurement of the statements. Appellee additionally lists several circumstances which allegedly render production of the requested statements imperative. Firstly, it is urged that appellee has without avail gone to great lengths and expense to obtain the information from their former employees. In support of this contention, appellee alleges that it has attempted to procure information by deposing certain employees of the insurance company as well as the investigator who took most of the requested statements. Appellee contends that these efforts have failed to produce information equivalent to that contained in the statements either because the witnesses did not review their original file or would not under instructions of appellant’s counsel.
In addition, appellee urges that prejudice has ensued due to appellant’s failure to have yet responded to requests by two of the former employees for their original statements. Finally, appellee contends that prejudice will result because the manner in which the statements were taken makes it impossible for the witnesses to presently render an accurate account of what they previously stated. In support of this contention, it is alleged that the witnesses were-served liquor at the time they gave the statements and that the questions were framed to extract a designated answer.
The trial court found that these allegations in addition to the disadvantage of confronting the witnesses without the benefit of their previous statements justified the order for production of the statements.
In Oge a v. Jacobs, supra, the Supreme Court stated that the burden which must be borne by a party seeking discovery of statements prepared in anticipation of litigation is substantially similar to Federal Rule 26(b)(3)’s requirements of substantial need of the materials in preparation of the case and inability without undue hardship to obtain the substantial equivalent of the materials by other means. Establishing need for the materials requires an evaluation of the importance of the materials in the preparation of the case. In this case, it is not contended that the materials lacked importance; on the contrary the trial court felt that this importance in itself compelled discovery.
As to the inability without undue hardship to obtain the substantial equivalent of the materials by other means, the Supreme Court stated:
“There is persuasive authority for the notion that statements taken shortly after the accident are of unique value for discovery purposes and should be made available to parties merely because of the passage of time.” Oge a, supra.
However, the Supreme Court also added that:
“We cannot conclude that in every case, because of lapse of time in itself, a party denied production of a statement taken near the time of the event will be unfairly prejudiced in the preparation of his case or caused undue hardship or injustice. However, the circumstances combined with other factors, e. g., a witness’ unavailability, reluctance, hostility, lapse of memory or apparent deviation from his [previous] statement, may produce a substantial likelihood that a litigant will be forced to trial without infor *MCDXX mation in possession of his adverse party which appears reasonably calculated to lead to admissible evidence. In such a case, the risk of the prejudice to his case, undue hardship or injustice would warrant an order for the production and inspection of the writing.”
The court additionally noted that the fact that the party seeking discovery contributed to the hardship likely to result from a denial of access to the previous statement by delaying in obtaining the statement should not prevent him from discovering it. Eventually, it was concluded that a denial of plaintiff’s request for an accident report containing the results of an almost contemporaneous investigation of the accident would be unfairly prejudicial in light of the investigator’s present inability, due to passage of time (one year and six months) and lapses of memory, to give equivalent data.
Under the facts of this case,, some of the requested statements were taken in 1973, soon after the collapse of the shaft, and several others were obtained in late 1978 and early 1979. The later statements were procured from witnesses who had previously given statements in 1973. Obviously, there has been a substantial lapse of time since the 1973 statements were obtained.
Appellee contends that such passage of time combined with the witnesses’ lapses of memory compel production of the statements. The record reveals that appellee has deposed the investigator who obtained the statements and these depositions reflect lapses of memory and reluctance to testify. However, there is no evidence that appellee has deposed its former employees nor that appellee has been unable to procure substantially equivalent information from them.
We find that appellee must make such a showing prior to obtaining the previous statements. Furthermore, we note that ap-pellee’s arguments of passage of time and lapse of memory may not be as relevant to the statements obtained in 1978 and 1979.
We hold that appellee has failed to prove undue hardship or unfair prejudice as required by La.C.C.P. Art. 1424.
Therefore, our writ of mandamus ordering the trial court to vacate its order commanding appellant to produce statements obtained from appellee’s former employees is made peremptory.
Additionally, this matter is remanded to the trial court for:
(1) a hearing to determine whether ap-pellee is unable to obtain the substantial equivalent of the requested statements due to the witnesses’ unavailability, reluctance, hostility, lapse of memory or apparent deviation from previous statements; such determination to be based on more than appellant’s counsel’s allegations, and
(2) an order consistent with the foregoing reasons.
WRIT GRANTED: REMANDED.