LeBLANC, Judge.
This case involves a “slip and fall” in a grocery store. The plaintiff, Audrey Mae Turner, filed suit against the defendant, Winn Dixie Louisiana, Inc., to recover for injuries she sustained when she allegedly slipped and fell in the Thibodaux Winn Dixie on June 8, 1984. The case was tried before a jury, which found for defendant. Plaintiff now appeals, urging ten assignments of error. Finding that one of these assignments of error has merit, we reverse the judgment of the trial court and remand the case for a new trial.
While shopping at defendant’s Thibodaux Winn Dixie on the morning of June 8,1984, the plaintiff allegedly slipped and fell while pushing her grocery basket down a store aisle. At trial, Mrs. Turner testified that she lost her balance, hit her head against a watermelon stand and fell onto her buttocks. Afterwards, she noticed that the back of her legs and her dress were wet with water.
Mrs. Turner claimed that a Winn Dixie employee, Mary Triggs, witnessed her fall, but ran to the back of the store after viewing the accident. During the trial, Mary Triggs testified that she did not see Mrs. Turner fall, but that Mrs. Turner approached her after the fall, contending that Ms. Triggs had seen the fall. Mrs. Turner reported the accident to a Winn Dixie manager, Mr. Wayne Naquin. Mr. Naquin prepared an informal accident report (Plaintiff Exhibit 7), which included Mrs. Turner’s address and some facts regarding her description of the accident. Mr. Naquin’s report indicated that Mrs. Turner slipped but did not fall. This report also identified Mary Triggs as a witness. Mr. Naquin testified that Mary confirmed that she had seen Mrs. Turner slip.
During the trial, Mary Triggs testified that she had met with counsel for Winn Dixie, Mr. Carlos Lazarus, to discuss the incident that occurred with Mrs. Turner. She testified that during that meeting she reviewed a typed document. According to her testimony, this document was a statement indicating what she knew about the incident involving Mrs. Turner. She testified that she had previously given the information in the typed statement to someone over the phone. However, she did not recall the name of the person to whom she gave the oral statement or the date on which she made the oral statement.
During Ms. Triggs testimony, plaintiff’s counsel requested the production of this typed document.[1] The trial court ruled that the typed document was the work product of defense counsel and did not have to be produced because it was privileged. On appeal, plaintiff argues that defendant did not sustain his burden of proving that the statement contained privileged information.
Generally, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. La.Code Civ.P. art. 1422. However, La.Code Civ.P. art. 1424 provides in pertinent part that “[t]he court shall not order the production or inspection of any writing obtained or prepared by the *1072 adverse party, his attorney ... or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense ...”.
Based on this statute, plaintiff argues that the information in the typed statement is not privileged because defendant did not prove that the statement of Ms. Triggs was obtained by defense counsel. Furthermore, plaintiff argues that if Ms. Triggs’ statement was obtained by Winn Dixie personnel, defendant has not proven that the statement was taken in anticipation of litigation or in preparation for trial.
We agree. Since the information in the document contains a statement given by a witness, describing the events upon which this action is based, the information is clearly relevant to this action. Therefore, since Winn Dixie La., Inc. is the party seeking to avoid the production of this document, it bears the burden of proving that it was prepared or obtained in anticipation of litigation or in preparation for trial. Ogea v. Jacobs, 344 So.2d 953 (La.1977). The record in this matter does not establish who was involved in gathering the information that appears in the document. Nor does the record establish when the information in the document was obtained from Ms. Triggs. Therefore, we find that Winn Dixie has not sustained its burden of proving that this document should be considered privileged based on La.Code Civ.P. art. 1424.
Defendant argues that even if the trial court erred in refusing to order defendant to produce the document in question, the error is not reversible because the non-production of the requested statement was not controlling of the jury’s verdict. Defendant argues that even if the contents of the statement would have aided the jury in determining that plaintiff had actually fallen in the store at the time of the alleged accident, the jury could have still determined that Winn Dixie was not negligent by finding that there was no water on the floor of the store.
Since we do not know the exact contents of the document in question, we are unable to determine what impact the information in this document would have had on the jury’s verdict. Possibly, the document would have aided the jury in determining that plaintiff did fall in the grocery store. Defendant is correct that even if the jury determined that plaintiff did fall, the jury could have still determined that defendant was not negligent. However, since the jury only returned a general verdict, finding defendant not guilty of negligence, we cannot determine specifically what factual findings the jury made in reaching its verdict. The jury’s verdict that defendant was not negligent may have been based on a finding that plaintiff did not fall in the grocery store. Therefore, since we do not know the exact contents of the document in question and we do not know what information led the jury to find that defendant was not negligent, we cannot say that the trial court’s failure to order production of the document in question was harmless error.
In addition, we are concerned with some of the court’s remarks, in the presence of the jury, which might well be interpreted as commenting on the evidence.
For these reasons, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion. Winn Dixie is to pay all costs of appeal.
REVERSED AND REMANDED.

. In plaintiffs pre-trial interrogatories, plaintiff had requested information regarding any accident reports that had been prepared and any statements that had been taken regarding the Winn Dixie incident.