431 So.2d 1099 (1983)
Ellyn Kaplan Katz Wife of/and James KATZ
v.
ALLIED VAN LINES, New Orleans Transportation Corporation, Inc. and Iredale Moving Company.
No. C-0884.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 1983.
John W. Waters, Jr., New Orleans, for relator.
Sherry W. Schneider, Metairie, for respondent.
*1100 Before BARRY, BYRNES and LOBRANO, JJ.
BARRY, Judge.
This is a suit against a moving company as a result of damage to household goods. Plaintiff filed a request for production of "all damage reports and/or estimates received by Allied Van Lines from any furniture repair company employed by Allied to inspect the moving damage sustained by plaintiff." Defendant objected, on the grounds that: (1) the documents are reports of experts, which are unqualifiedly protected from discovery under LSA-C.C.P. Art. 1424; and (2) the documents are "writings obtained ... by the adverse party, his attorney, expert or agent in anticipation of litigation or in preparation for trial" which are not subject to discovery under Art. 1424 absent proof of unfair prejudice, undue hardship or injustice. The trial court granted plaintiff's motion to compel and ordered defendant to produce the reports of two persons retained by defendant to investigate the cause of any damage and the estimated cost of repairs.
Under LSA-C.C.P. Art. 1424,
The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. The court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert.
There is no doubt that the individuals retained by defendant to appraise plaintiff's damages are "experts." An expert is defined as "one who is knowledgeable in a specialized field, that knowledge being obtained from either education or experience." Black's Law Dictionary, 5th Ed. 1979. Defendant's appraisers are furniture repairmen, who were hired for the sole purpose of inspecting plaintiff's furniture and giving defendant the benefit of their experience and knowledge as to the cause and cost of the damage to plaintiff's furniture. Without their specialized knowledge, the opinions of these individuals would be of no value to either of the parties to this case.
While plaintiff may challenge the qualification of these persons as experts at trial, for purposes of discovery our courts have consistently classified as experts persons hired to assess damages, appraise property, or estimate costs because of their particular background or experience. State v. Mims, 311 So.2d 914 (La.App. 3d Cir.1975); Barnett v. Barnett Enterprises, Inc., 182 So.2d 728 (La.App. 4th Cir.1966); State through Dept. of Highways v. Johnson, 168 So.2d 389 (La.App. 3d Cir.1964). The prohibition of Art. 1424 against production of writings reflecting the mental impressions, conclusions or theories of an expert is absolute and not subject to the trial judge's discretion. Mims, supra; Barnett, supra. Therefore, we find the trial court improperly granted the plaintiff's motion to compel defendant's experts' reports.
We also note that, even if defendant's witnesses were not recognized as experts, they were retained by defendant and prepared their reports "in anticipation of litigation." Inasmuch as the furniture they inspected remained in plaintiff's custody throughout the litigation, we find no reason to infer any prejudice or hardship to plaintiff in securing similar damage appraisals. The reports are therefore also privileged under the first provision of LSA-C.C. Art. 1424.
For the foregoing reasons the writ is made peremptory. The judgment of the trial court ordering production of defendant's damage appraisal reports is reversed and set aside.
REVERSED AND RENDERED.