JiCIACCIO, Judge.
Defendant-Relators, National Union Fire Insurance Company, Independent Freight-ways, Inc. and Laurence Rape, seek this court’s supervisory jurisdiction to review a trial court order compelling the production of a statement given by Rape to an agent of his employer, Independent Freightways, on the day of the accident, as well as a report made by him within days of the accident and mailed to his employer. Defendants also seek review of the portion of the trial court order awarding respondents $750.00 in attorney fees related to compelling discovery.
Cynthia Sass was a passenger in the vehicle driven by Ramon Rovira which collided with the tractor-trailer driven by Rape on August 12, 1994. Both Sass and Rovira filed suit against Rape, Independent Freightways, and its insurer, National Union Fire Insurance Company, alleging that Rape made an improper left turn, thereby causing the accident. Plaintiffs, in late 1995, sought discovery, in interrogatories Nos. 1 and 4 and request for production No. 3, of any statements taken by defendants’ attorneys or investigators, as well as any reports; and, in responses filed in December 1995 and supplemental responses filed in February 1996, defendants stated that Rape gave a recorded statement and that Rape and their insurance *743 adjusters prepared reports concerning the accident. Defendants further stated that the documents were privileged and prepared in anticipation of litigation. Plaintiffs filed a motion to compel production which the trial court denied as to interrogatory No. 4 and request 12No. 3.
Plaintiffs later deposed Rape who admitted to giving a recorded statement on the day of the accident and that he prepared a three-page, hand-written report about the accident. Plaintiffs filed a request for production of documents seeking the statement and the report. Defendants filed a motion to quash the request for production on the grounds that the motion to compel had been previously denied and that plaintiffs had indicated that they were satisfied with the return on the subpoena duces tecum served on Rape in conjunction with his deposition. The trial court denied the motion to quash. Defendants filed a motion for new trial alleging that plaintiffs misrepresented to the court that defendants had never revealed the existence of the recorded statement and handwritten report. Plaintiffs in turn filed a motion to compel production of the recorded statement and report. The trial court denied the motion for new trial, granted the motion to compel, and ordered defendants to pay plaintiffs $750.00 in attorney’s fees as a sanction.
Defendants complain that the trial court erred in ordering production of the documents and the payment of sanctions. They argue that the documents are not discoverable because they were prepared in anticipation of litigation and the sanctions are inappropriate because they did not disobey any court order.
Under LSA-C.C.P. art. 1422, a party may obtain discovery of any matter which is not privileged and which is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery, or which is reasonably calculated to lead to the discovery of admissible evidence. There are limitations to this rule when the information sought is privileged or when justice requires that a party or other person be protected from annoyance, embarrassment, oppression, or undue burden or expense. Laburre v. East Jefferson General Hosp., 555 So.2d 1381 (La.1990).
| gLSA-C.C.P. art. 1424 provides, in part:
The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. The court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or expert.
The article contemplates a twofold inquiry: (1) Were the items sought to be discovered obtained or prepared by the adverse party[1], his attorney, surety, indemnitor, expert, or agent in anticipation of litigation?; if so, (2) will the party seeking the production be unfairly prejudiced or subjected to undue hardship or injustice by the denial? The burden on the first inquiry rests with the party holding the statements. If carried, the burden to prove prejudice, hardship or injustice shifts to the party seeking production. Smith v. Travelers, Ins. Co., 418 So.2d 689 (La.App. 4th Cir.1982), reversed on other grounds, 430 So.2d 55 (La.1983).
Trial courts have broad discretion when regulating pretrial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse. Moak v. Illinois Cent. R. Co., 631 So.2d 401 (La.1994).
In defendants’ second supplemental and amending answers to interrogatories and responses to requests for production of documents, they state that their investigators took the recorded statement of Rape on August 12, 1994, and that the statement was privileged pursuant to LSA-C.C.P. art. 1424. *744 Additionally, defendants stated that National Union Insurance Company, Independent Freightways, Inc., Rape, defendants’ investigators, and Professional Technical Services, Inc. prepared various reports concerning the ^accident, which were confidential and prepared in anticipation of litigation. These responses were provided to plaintiff on February 14, 1996, before plaintiffs motion to compel came for hearing. As a result of these responses, the trial court rendered judgment on August 28, 1996, denying plaintiffs motion to compel discovery with respect to plaintiffs’ interrogatory No. 4 and request for production of documents No. 3.
In opposing plaintiffs’ motion to compel, defendants apparently satisfied their burden of proving that Rape’s recorded statement and the hand-written report were prepared in anticipation of litigation and fell within the purview of art. 1424, as the trial court initially denied plaintiffs’ motion when it rendered the August 28, 1996, judgment. Plaintiffs subsequently deposed Rape, who admitted that he gave the recorded statement and prepared a hand-written report, but, clearly, they were already aware of the existence of the statement and the report at the time of the motion to compel. Since the taking of Rape’s deposition, plaintiffs have failed to allege any reason that demonstrates that denial of the production of Rape’s recorded statement and hand-written report is prejudicial to their case or will cause them undue hardship or injustice. In light of this, we find plaintiffs have not satisfied their burden and the trial judge abused its much discretion in ordering defendants to produce Rape’s recorded statement and hand-written report.
Plaintiffs rely on the case of Ogea v. Jacobs, 344 So.2d 953 (La.1977), arguing that the lapse of time combined with a witness’s unavailability, reluctance, hostility, lapse of memory or apparent deviation from his prior statement may warrant an order for the production and inspection of such a statement and/or accident report. We find the Ogea case is distinguishable from the present matter. In Ogea, Ogea remembered none of the circumstances surrounding the accident because he had suffered a severe blow to his head. In | gorder to establish the facts of the accident, Ogea sought the production of an accident report prepared several days after the accident by his employer’s job-site executive, Gordon Davis, who was also a witness to the accident. During the course of discovery, Ogea’s attorney deposed Davis, who had several lapses of memory regarding events he may have observed and facts reported to him by other witnesses. However, Davis testified that within a few days after the incident he prepared a written accident report containing data obtained from other employees and including his own opinion as to the cause of the accident. After the trial and appellate courts denied plaintiffs motion for production of the report, finding it was prepared in anticipation of litigation, the Louisiana Supreme Court reversed. In ordering defendants to produce the report, the Court found that because the report contained the results of Davis’ almost contemporaneous investigation into the causes, facts, and circumstances surrounding Ogea’s injury, the denial of the report would unfairly prejudice Ogea in the preparation of his case, in view of his lack of recollection and his inability, because of the passage of time and Davis’ lapses of memory, to obtain equivalent data likely to lead to the discovery of admissible evidence. This is not the case here. Plaintiffs do not argue that they cannot remember the facts and circumstances surrounding the accident. Nor do they assert that Rape does not recall the accident. Unlike Ogea, plaintiffs have not shown that the denial of the report would • unfairly prejudice them in the preparation of their case.
Because the we find the trial court abused its discretion in ordering defendants to produce Rape’s recorded statement and written report, we find it erred in imposing sanctions on the defendants.
Accordingly, for the above reasons, we grant defendant-relators’ writ application and vacate the October 23, 1996, trial court judgment denying defendants’ motion for new trial. Further, the trial court judgment of October |68, 1996, ordering defendants to produce the Laurence Rape’s recorded statement and three-page, hand-written statement is reversed. We hereby render judgment in *745 favor of defendants granting their motion to quash.

WRIT GRANTED; TRIAL COURT JUDGMENT VACATED; TRIAL COURT JUDGMENT REVERSED; AND RENDERED.

PLOTKIN, J., dissents with written reasons.

. In the instant case, Laurence Rape is an adverse party as he is a named defendant in the suit.