11 JAMES C. GULOTTA, J. Pro Tern.,
concurring in part and dissenting in part.
I concur with the majority’s holding to remand these matters to the trial court; however, I dissent from the holding that the reports of treating physicians are, per se, discoverable.
When the legislature enacted La. C.C.P. art. 1424, it did not carve out an exception for experts who are the treating physicians of a litigant. Additionally, a reading of La. C.C.P. art. 1424 in pari materia with Code of Evidence articles dealing -with privilege compels the conclusion that there is no distinction between experts for purposes of the attorney work-product exclusion.
Louisiana’s attorney work-product rule is provided for in La. C.C.P. art. 1424. Wolford v. JoEllen Smith Psychiatric Hosp., 96-2460, p. 2 (La.5/20/97), 693 So.2d 1164, 1166. Under that doctrine, a qualified privilege is accorded “any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial” unless the l2denial of production would cause unfair prejudice or undue hardship or injustice. Id.
Additionally, the trial judge shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or expert. La. C.C.P. art. 1424. Jurisprudence has referred to the second sentence of article 1424 as the “opinion work product rule.” Hodges v. Southern Farm Bureau Casualty Insurance Co., 433 So.2d 125, 131 (La.1983).
The purpose of the work-product doctrine is clear:
(I)t is not merely to assist the client in obtaining complete legal advice, but also to afford the attorney a “zone of privacy” within which he is tree to evaluate and prepare his case without adversarial scrutiny.
Id. at 131-132; Juneau v. Avoyelles Parish Police Jury, 482 So.2d 1022, 1031 (La.App. 3d Cir.1986).
An expert is defined as “one who is knowledgeable in a specialized field, that knowledge being obtained from either education or experience.” Katz v. Allied Van Lines, 431 So.2d 1099, 1100 (La.App. 4th Cir.1983), quoting Black’s Law Dictionary, 5th Ed.1979. A treating physician, like other physician experts, is knowledgeable in a specialized field through education or experience. That status is not diminished by virtue of the expert’s role as a treating physician.
Minnesota Mining and Manufacturing Company argues that a treating physician is not an “expert” under La. C.C.P. art. 1424 because that article addresses experts who are retained in anticipation of litigation, and a treating physician is not retained in anticipation of litigation. I find no validity to this argument.
*647 First, La. C.C.P. art. 1424 addresses any writing obtained or prepared in anticipation of litigation or in preparation for trial,- not any expert retained in | .¡anticipation of litigation. La. C.C.P. art. 1424 does not provide an exception for treating physicians such that a writing prepared by a treating physician is never protected from discovery irrespective of the circumstances surrounding its preparation.
Second, there is no basis to conclude that a treating physician is never obtained in anticipation of litigation. In practice, plaintiff attorneys frequently refer individuals to a physician, who then becomes that person’s treating physician. While it is true that the primary responsibility of the treating physician is to render professional health care to the patient and that the treating physician frequently issues reports before suit is filed, that is not determinative of whether a report by that physician was prepared in anticipation of litigation.
It is not the date or time of the document which controls whether it was prepared in anticipation of litigation, but rather the content, nature, and purpose thereof.
Juneau v. Avoyelles Parish Police Jury, 482 So.2d at 1031.
The defendant is correct that no reported case under La. C.C.P. art. 1424 involves the writing of a treating physician who was retained and who treated the party prior to litigation. However, this is not a sound basis to conclude that a treating physician is never an expert as contemplated by that article. Moreover, nothing in the reported cases cited by the parties precludes application of La. C.C.P. art. 1424 to the writing of a treating physician.
Minnesota Mining and Manufacturing Company argues that the plaintiffs’ waiver of the health care provider-privilege renders all reports by the treating physicians discoverable. That argument has no merit.
La. C.E. art. 510(B)(1) provides a privilege for the patient against the disclosure of a confidential communication made for the purpose of advice, diagnosis, or treatment of the patient’s health condition. An exception to the Uprivilege is set forth in La. C.E. art. 510(B)(2)(a), when the communication relates to the health condition of a patient who brings or asserts a personal injury claim in a judicial proceeding.
The physician-patient privilege of La. C.E. art. 510 is separate and distinct from the discoverability of the communication under La. C.C.P. art. 1424. As the Supreme Court stated in Hodges v. Southern Farm Bureau Casualty Insurance Co., 433 So.2d at 130-131,
Even though .a writing may be deemed relevant and not privileged, it may still be immune from discovery under La. C.C.P. art. 1424 if prepared in anticipation of litigation by the adverse party, his attorney, surety, indemnitor, expert or agent.
An exception which constitutes a waiver of the physician-patient privilege does not in itself authorize discovery that is otherwise limited by La. C.C.P. arts. 1421 et seq., including La. C.C.P. art. 1424. See also La. C.E. art. 510(E).

Conclusion

Accordingly, I dissent from the majority’s holding which creates an exception to La. C.C.P. art. 1424 that a treating physician is not an “expert” as contemplated in that article. I also dissent from the holding that a waiver of the health care provider-patient privilege under La. C.E.- art. 510(B)(2)(a) renders the medical reports of a treating physician, as such, discoverable under La. C.C.P. art. 1424.
Nonetheless, I concur with the majority that this matter be remanded for an eviden-tiary hearing for the purposes stated by the majority.
In Hoemer, the trial judge did not make any factual findings. The judge received no evidence and heard no testimony. There were no stipulations. After minimal discussion from counsel, the following colloquy took place:
THE COURT:
Discoverable.
JsCOUNSEL FOR PLAINTIFFS:
Reports directed - You’re saying that even reports directed to attorneys -
THE COURT:
*648 Yes, ma’am.
COUNSEL FOR PLAINTIFFS:
—are discoverable?
THE COURT:
Yes, ma’am. ... It’s not even worth fighting about.
The judge in Hoemer did not determine the relevance of the reports, whether they were privileged, the circumstances under which they were written, when they were prepared, to whom they were directed, whether they were prepared in anticipation of litigation, and whether they contained the mental impressions, conclusions, opinions, or theories of an expert. The judge did not consider whether protection of the writing from discovery would unfairly prejudice or cause undue hardship to the party seeking production.
In Olinde, there is no transcript, no evidence, and no stipulation. This Court does not even have evidence that the documents are, in fact, medical reports as the parties claim.
Because the record in each case contains no evidentiary basis for a determination as to the discoverability of the writings under La. C.C.P. art. 1424, I would vacate the judgments of both trial judges and remand each for an evidentiary hearing to determine the pertinent facts and to render an opinion.
I respectfully concur in part and dissent in part.