hPLOTKIN, Judge.
Defendant, Transit Management of Southeast Louisiana, Inc. (“TMSEL”), seeks review of a trial court judgment granting a motion to compel in favor of plaintiffs, Clifton and Evelyn Simmons. We grant the writ, but deny relief and affirm the trial court judgment.
The underlying suit arises out of a May 5, 1998, accident involving Mr. Simmons, who is now deceased. Mr. Simmons, who was wheelchair-bound, had been a passenger on a special lift van used by TMSEL to transport handicapped persons. The special lift van had transported Mr. Simmons to his home, where he and his wheelchair were lowered to the ground by the lift on the van. Either while it was being-lowered to the ground, or immediately thereafter, the wheelchair toppled over on its side, causing Mr. Simmons to fall to the ground. The Simmonses filed suit seeking recovery of damages caused by the fall.
During the course of discovery, the Sim-monses sought production of all accident reports and statements of any person having knowledge of the incident. TMSEL objected to that request for production, arguing that the infoimation sought was privileged under the provisions of La. C.C.P. art. 1475, relative to the attorney work-product rule. However, the trial court disagreed, granting a motion |¡>to compel filed by the Simmonses. Thereafter, TMSEL produced a copy of a “Revenue Report” filed by the driver of the van involved in the accident.
However, on October 6, 2000, during the taking of the deposition of Maxine Johnson, former superintendent of Paratransit Service for TMSEL, the Simmonses learned of TMSEL’s policy to investigate every reported accident. On the basis of that information, the Simmonses filed another motion to compel, seeking the report arising from the investigation of Mr. Simmons’s accident. Again, TMSEL refused to produce the document, and the trial court granted the motion to compel filed by the Simmonses. TMSEL then filed the instant application for supervisory writs, seeking reversal of the trial court judgment compelling production of the investigative report.
Generally, the articles governing discovery in Louisiana’s Code of Civil Procedure evidence an intent to allow broad discovery of information possessed by adverse parties. The scope of discovery is defined by La. C.C.P. art. 1422 as follows:
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is no ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
Despite that broad general provision, some things are excepted from discovery. La. C.C.P. art. 1424, which estab *1077 lishes the “attorney work-product rule,” generally prohibits courts from ordering “the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, [ ^expert, or agent in anticipation of litigation or in preparation for trial.” However, that prohibition does not apply when the court is “satisfied that denial of production or inspection will • unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice.” The purposes of the work-product rule are both to provide an attorney a “zone of privacy” within which he is free to evaluate and prepare his case without scrutiny by his adversary and to assist clients in obtaining complete legal advice. Hodges v. Southern Farm Bureau Casualty Insurance Co., 433 So.2d 125, 131-32 (La.1983). Moreover, the privilege created by the work-product doctrine is qualified, not absolute. Id. at 131.
Discovery statutes should be liberally construed to achieve their purpose. Id. Thus, they should be liberally construed to allow discovery whenever possible. Chesson v. Hungerford, 228 So.2d 3.32, 335 (La.App. 3d Cir.1969). The party seeking to avoid discovery of documents on the grounds that they were prepared or obtained in anticipation of litigation or in preparation for trial bears the burden of proving that the exception applies. Ogea v. Jacobs, 344 So.2d 953, 955 (La.1977); Sonier v. Louisiana Power & Light Co., 272 So.2d 32, 35-36 (La.App. 1st Cir.1973). Louisiana courts have developed the following two-part inquiry for determining whether documents should be excepted from discovery under the attorney work-product rule: (1) Were the documents obtained or prepared in anticipation of litigation or in preparation for trial? and (2) If so, will the party seeking production be unfairly prejudiced or subject to undue hardship or injustice by denial of the discovery request? Smith v. Travelers Insurance Co., 418 So.2d 689, 691 (La.App. 4th Cir.1982), rev’d on other grounds, 430 So.2d 55 (La.1983).
|4The first inquiry to be asked by a court considering whether documents should be exempt from discovery as an attorney work product is as follows: “Were the documents obtained or prepared in anticipation of litigation or in preparation for trial?” In the instant case, the answer to that inquiry is “no.” The record in the instant case indicates that the investigation report sought by Sim-monses was neither prepared in anticipation of litigation or in preparation for trial. It was prepared by a non-lawyer, in the course of regular business whenever an accident occurs. In fact, it is clear from Ms. Johnson’s deposition testimony that it was standard policy for TMSEL to send someone to investigate every accident, regardless of whether litigation might be anticipated. Thus, the investigative report at issue in this case does not meet the first prong of the two-part inquiry for determining whether a document should be exempt from discovery under the attorney work-product rule.
The second inquiry to be asked by a court considering whether a writing should be exempt from discovery as an attorney work product is as follows: “Will the party seeking production be unfairly prejudiced or subject to undue hardship or injustice by denial of the discovery request?” In this case, the answer to that question is “yes.” Once the party from whom discovery is sought establishes that documents sought were obtained or prepared in anticipation of litigation or in preparation for trial (which TMSEL has not done here), the party seeking the discovery has to prove two things: (1) that he has a substantial need for the materials in the preparation of his case, and (2) that he is unable to obtain a substantial equivalent of the materials by other means without undue hardship. Ogea, 344 So.2d at 957. See also Hodges, 433 So.2d 125; Katz v. Allied Van Lines, 431 So.2d 1099 (La.App. 4th Cir.1983); Sonier, 272 So.2d 32. In the Ifinstant case, the plaintiff who was involved in the accident, Mr. Simmons, is *1078 now deceased, meaning that the remaining plaintiff, Mrs. Simmons, is deprived of his eyewitness testimony concerning the accident. Thus, I believe that Mrs. Simmons has carried her burden of proving that production of the document sought in the instant ease is required because they are unable to obtain its “substantial equivalent.” See Hamilton v. Canal Barge Co., 395 F.Supp. 978 (E.D.La.1-975); Ogea, 344 So.2d 953. The investigative report is an invaluable source of information concerning the events surrounding the accident that Mrs. Simmons cannot obtain elsewhere.
Finally, we note that protecting the investigative report sought by the Simmons-es in this case does not serve either of the purposes underlying the work-product rule established by Hodges, which are to provide an attorney a “zone of privacy” within which he is free to evaluate and prepare his case without scrutiny by his adversary and to assist clients in- obtaining complete legal advice. 433 So.2d 125. No attorney was involved in the preparation of the investigative report in the instant case. Moreover, allowing discovery would have no effect on anyone’s ability to obtain legal advice. Prohibiting discovery in the instant case is contrary to the requirement that discovery rules be liberally construed to allow discovery whenever possible. Under the circumstances, the trial court judgment compelling production of the documents is not an abuse of discretion.
This court considered an issue similar to that presented by the instant application for supervisory writs in Sass v. National Union Fire Insurance Co., 96-2332 (La.App. 4 Cir.3/5/97), 689 So.2d 742. This court reversed a trial court judgment compelling the production of a statement given by a truck driver to his employer’s agent almost contemporaneously with the accident. However, the basis |fifor that decision was the court’s finding that the plaintiffs failed to allege any reason that denial of production was prejudicial or would cause them undue hardship or injustice. Given the posture of the instant case, the prejudice, undue hardship, and injustice to Mrs. Simmons if the investigative report is not produced is obvious. Thus, the instant case is clearly distinguishable from Sass.
Thus, the trial court order compelling production of the materials is affirmed.
WRIT GRANTED; RELIEF DENIED; TRIAL COURT JUDGMENT AFFIRMED.