IjWALTZER, J.,
dissents with reasons.
Because the majority opinion conflicts with a full reading of LSA C.C.P. 1424 and with jurisprudence of this Court, I must respectfully dissent.
The majority concludes that relators failed to prove that the documents at issue were obtained or prepared in anticipation of litigation or in preparation for trial. I disagree. The disjunctive “or” placed by the legislature in LSA-C.C.P. art. 1424 clearly indicates that anticipation of litigation and preparation for trial constitute two alternative grounds for privilege. The majority concludes that the fact that the preparation of an accident report was standard policy for every accident precludes its having been prepared “in anticipation of litigation.” While one could argue the report was not prepared “in preparation for trial,” nonetheless, it was prepared quite clearly “in anticipation of litigation”, and therefore is privileged. It is obvious from a full reading of LSA-C.C.P. art. 1424 that the code article provides a privilege under two circumstances: where litigation is a possibility (i.e., may be “anticipated”) and where it has commenced and a trial is contemplated. The majority reads out the first statutory ground of privilege.
I also disagree with the majority’s conclusion that since one of the plaintiffs is now deceased, his wife is therefore prejudiced by the lack of the TMSL report. However, it is not the decedent’s statement that is at issue. Ogea v. Jacobs, 344 So.2d 953, 955 (La.1977), on which the majority relies, involved obvious I ¡prejudice: In that case, one of the defendants had suffered brain damage and, dur *1079 ing Ms deposition, could not recall relevant information concerning the accident. His employer’s job-site executive and accident witness, Mr. Davis, had taken this defendant’s statement several days after the accident, and this Court held that because the Davis report contained results of the almost contemporaneous investigation of the plaintiffs injury, its production would alleviate the prejudice to plaintiff arising from defendant’s lack of recollection and plaintiffs inability to obtain equivalent data likely to lead to the discovery of admissible evidence. That prejudice is absent in this case as it was in Sass v. National Union Fire Ins. Co., 96-2382 (La.App. 4 Cir. 3/5/97), 689 So.2d 742. I would follow the clear meaning of the Code of Civil Procedure article and the controlling precedent of Sass, grant the writ and reverse the trial court’s judgment.