RACHA TRABELSI                                     NO. 25-C-381

VERSUS                                             FIFTH CIRCUIT

LABORATORY CORPORATION OF AMERICA                  COURT OF APPEAL
HOLDINGS, ET AL
                                                   STATE OF LOUISIANA

October 17, 2025

Linda Tran
First Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

IN RE LABORATORY CORPORATION OF AMERICA HOLDINGS, LABORATORY CORPORATION OF AMERICA, AND LABCORP STAFFING SOLUTIONS, INC.

APPLYING FOR  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD A. ROWAN, JR., DIVISION "L", NUMBER 850-220

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Timothy S. Marcel

**WRIT DENIED**

Relators, Laboratory Corporation of America Holdings, Laboratory Corporation of America, and Labcorp Staffing Solutions, Inc. seek review of the 24th Judicial District Court' June 30, 2025 judgment granting Plaintiff, Racha Trabelsi's, motion to compel discovery, except as to costs and fees.  For the following reasons, we deny the writ.

Relators aver that, on January 4, 2023, Plaintiff went to one of its patient service centers for a routine blood draw.  She advised the phlebotomists that she was fasting for religious reasons.  The technician then asked her if she wanted to postpone the draw until after she had eaten something; Plaintiff declined.  As the technician filled the last tube, Plaintiff advised she was feeling "lightheaded and nauseous."  According to Relators, the technician made sure Plaintiff was comfortable and secure in her chair, and retrieved a garbage can, just in case she needed to vomit.  But, despite the technician's repeated admonishments to remain seated, Plaintiff stood up without warning, and fell as she was walking away.

Plaintiff subsequently filed suit against Relators. In her petition, Plaintiff averred that the blood draw had been completed and she fell on her way to the Walgreens' restroom, as the LabCorp employees would not allow her to use its facilities. According to Relators, Plaintiff subsequently requested the following as discovery: "any and all incidents of patient falls and/or fainting upon/during/after having blood drawn by Lab Corp (sic) staff for the Ten (10) year period, prior to, and leading up to January 4, 2023" and the accompanying incident reports, and operating procedures regarding (potential) falls and fall risks.  Relators agreed to

produce the appropriate company procedure document(s), but just "reasonably asked that it be produced subject to a basic confidentiality and protective order."

Relators assign the following as error:

1. Trabelsi did not satisfy her burden justifying an order to compel.[1]

2. The District Court erred in granting Trabelsi's motion to compel filed contrary to District Court Rule 10.1, forcing all three Defendants to answer her unreasonable discovery requests.[2]

3. The District Court erred in forcing Defendants to produce without a confidentiality order their internal operating procedures regarding falls.

4. Defendants should not be forced to identify incidents and produce confidential incident reports for falls and fainting by Defendants' clients surrounding blood collection procedures for the last ten years without any geographic or other limitation.

Discovery statutes are to be liberally and broadly construed to achieve their intended objectives. *Stolzle v. Safety & Sys. Assur. Consultants, Inc.*, 02-1197, p. 2 (La. 5/24/02), 819 So.2d 287, 289. A party generally may obtain discovery of any information which is relevant to the subject matter involved in the pending action. La. C.C.P. art. 1422. *Id.*

The trial court has broad discretion in regulating pretrial discovery, and its decision will not be disturbed on appeal absent a clear abuse of that discretion. *Palowsky v. Campbell*, 21-279, p. 6 (La. App. 5 Cir. 8/26/21), 327 So.3d 589, 595, *writ denied,* 21-1428 (La. 11/23/21), 328 So.3d 74.

A party from whom discovery is sought may obtain a protective order from the court to protect the person from annoyance, embarrassment, oppression, or undue burden. La. C.C.P. art. 1426. Such a protective order may be fashioned to preserve the confidentiality of the information disclosed. *Id.* The granting or not of a protective order, and the extent of protection, are within the discretion of the trial court; and the court of appeal will not ordinarily modify or reverse the trial court in such matters absent an abuse of the trial court's discretion. *Id.*

In this case, following a hearing, the trial court denied Relators' request for a protective order from disclosure of its risk-prevention policies and procedures related to falls and fainting occurring during and after blood collections. The trial court determined that Relators failed to meet their burden of demonstrating their procedures constituted a trade secret or otherwise presented an annoyance, embarrassment, oppression, or undue

---

[1] Relators aver that Plaintiff never participated in or convened a pre-motion conference as required by La. Dist. Ct. Rules – Rule 10.1. However, according to Rule 10.1, sanctions, including attorney fees and costs, may be imposed on the non-conferring party by the district court, at its discretion, if it finds that the parties or counsel failed to confer in good faith, or willfully failed to confer. Relators did not ask the court to make such a finding or bring the matter before the district court during the June 23, 2025 meeting on Plaintiff's Motion to Compel.

[2] Plaintiff has made clear in her Opposition brief that "she accepts Defendants' representation that all Defendants answered the discovery"; therefore, we pretermit further discussion of the second assignment of error.

burden as contemplated by La. C.C.P. art. 1426. On the showing made, we do not find error in this decision of the trial court. *See Bianchi v. Pattison Pontiac Co.*, 258 So.2d 388, 390 (La. App. 4th Cir. 1972).

Next, Relators contends the trial court erred in finding that incident reports of falls in its facilities are not protected attorney work-product. To determine whether Relators' incident reports are protected as attorney work-product under La. C.C.P. art. 1424, a two-fold inquiry is required: (1) Were the articles obtained or prepared in anticipation of litigation or trial? and (2) Will the party seeking production be unfairly prejudiced, subject to undue hardship, or subject to injustice by denial of the discovery? *See Cacamo v. Liberty Mut. Fire Ins. Co.*, 99-1421, p. 5 (La. App. 4 Cir. 10/10/01), 798 So.2d 1210, 1214, *writ not considered,* 01-3087 (La. 1/25/02), 806 So.2d 665, and *writ denied sub nom. Cacamo v. Liberty Mut. Life Ins. Co.*, 01-2985 (La. 1/25/02), 807 So.2d 844 (citations removed). To determine if the work-product privilege applies, a court should consider the content, nature, and purpose of a document, not the date or time that the document was prepared. *Id.* The party seeking to avoid discovery of documents bears the burden of proving that the documents were prepared or obtained in anticipation of litigation. *Id.* On the showing made, we find that the incident reports Plaintiff requested were generated in the normal course of business, pursuant to accident investigation protocols, and not specifically prepared in anticipation of litigation, or in preparation for trial. *See Simmons v. Transit Mgmt. of Se. Louisiana, Inc.*, 00-2530, p. 5 (La. App. 4 Cir. 2/7/01), 780 So.2d 1074, 1077-78, *writ denied,* 01-0421 (La. 2/16/01), 786 So.2d 106.

Upon review of the application and La. C.C.P. arts. 1422, 1424, and 1426, we find that the district court did not abuse its discretion in granting Plaintiff's Motion to Compel. Accordingly, the writ is denied.

Gretna, Louisiana, this 17th day of October, 2025.

**MEJ**
**JGG**
**TSM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **10/17/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-C-381**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Donald A. Rowan, Jr. (DISTRICT JUDGE)

Peter J. Rotolo, III (Relator)
T. Carey Wicker, III (Respondent)

Brent A. Talbot (Relator)
Jesse G. Frank (Relator)
Michael S. Sepcich (Respondent)
Vincent E. Odom (Respondent)
Thomas C. Wicker, IV (Respondent)

### MAILED

Davida F. Packer (Respondent)
Attorney at Law
1100 Poydras Street
Suite 2950
New Orleans, LA 70163

Lance Engolia (Respondent)
Irvy E. Cosse, III (Respondent)
Attorney at Law
1515 Poydras Street
Suite 900
New Orleans, LA 70112